## HAWGOOD v. EMERY.

Where a person or persons holds several adjacent claims, work can be done on one claim, and be credited on the others.

Work may be done outside the limits of claims, and be credited thereon if beneficial thereto, even if there are several claims for which the credit is asked for such outside work, provided the claims are held in common.

Where several claims held by different persons are adjacent, and work beneficial to all can best be done on one of them, under a proper agreement between the owners work can all be done on one and credited to the several claims; such work being a part of the general plan or scheme for the development of the several claims.

One of two partners or owners in common of two claims cannot prevent a forfeiture of his rights by his copartner by showing that he had performed work on adjacent claims beneficial to the claims in litigation, he being the sole owner of a part of the adjacent claims and the owner in common with third parties of the others on which the work was done, in the absence of any agreement between them for the doing of such work, or some showing that the work was part of a general plan or scheme for the development of the mines in question in connection with those on which the work was done, since one partner cannot without any agreement therefor perform work on property in which his copartner is not interested, and hold his copartner liable therefor.

(Opinion filed, January 18, 1909.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Injunction by John N. Hawgood against Moses S. Emery. From a judgment for defendant, plaintiff appeals. Affirmed.

*McLaughlin & Ogden*, for appellant. *Chambers Kellar*, for respondent.

WHITING, J. This cause comes before the court upon an appeal from the judgment of the circuit court of Lawrence county; the errors complained of being in the rejection of certain testimony offered by the appellant on the trial in said circuit court.

It appears that the plaintiff and defendant were the owners in

common of two certain adjacent mining claims involved in this action; that the defendant and respondent claiming that the plaintiff and appellant had not performed his share, or any part thereof, of the work required under section 2324 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1426), the said defendant had proceeded to give notice of forfeiture of the plaintiffs rights to said claims under the statutes of the United States relating to such forfeiture. The plaintiff brought this action to restrain the defendant from filing the necessary papers in the office of the register of deeds in Lawrence county, and to restrain him from asserting any right, title, or interest in and to the undivided interest in said claims claimed to be held by said plaintiff, and also asking for a decree of court quieting in said plaintiff title to the undivided interest in said claims. Plaintiff in his complaint set out that he had fully complied with the requirements of law as re gards the representation and development of said claims. The defendant, answering, admits that he was in the act of taking steps to declare a forfeiture of plaintiff's title to said mining claims, and sets forth the fact that he, the said defendant, had performed the labor and made the improvements on said claims for the years in question that were necessary for their representation and development, and alleged that the plaintiff had wholly failed in performing assessment work upon the said mines or lodes for years in question, and had failed to pay to defendant for his (plaintiff's) proportionate part of the work done by defendant within 90 days after demand so to do.

Upon the trial plaintiff offered evidence to show that he performed work on certain adjacent claims, for which work he claimed he was entitled to receive credit on the claims in litigation for the reason that such work was beneficial to and naturally tended to the development of the claims in question. He offered to show that he posted notices in conspicuous places on the claims in litigation, notifying the world that development work for said claims was being done on the said adjacent claims, and also offered to prove that notices were posted conspicuously at the entrances of the workings on said adjacent claims notifying the world that said workings were being carried on in part for the benefit of the claims

in litigation. It appears by the evidence that the parties to this action, while partners as regards the claims in question, had not been on speaking terms during the years when it is claimed by each that they did the work they base their rights on. It also appears that the defendant had no interest whatsoever in either of the claims upon which plaintiff claims to have done the work for which he should receive credit, and it does appear that, as regards two of these adjacent claims, the plaintiff was the sole owner thereof and the owner in common with other parties in the three other claims upon which said work had been done. There is no claim made that the defendant ever entered into any agreement for the doing of the development work on the claims held by the plaintiff, and these third parties. It will be seen, therefore, that the rulings of the court in excluding the testimony sought to be introduced by the plaintiff was error, providing that, under the facts above set forth, the plaintiff would have any right to have his work credited on the claims in litigation.

I think it is well settled both by the decision of this court found in Godfrey v. Faust, 20 S. D. 203, 105 N. W. 460, and under the holdings in 2 Lindley on Mining, §§ 630-631, together with the long line of authorities cited by our court, and also by Lindley, as well as the authorities cited by both parties on this appeal, that, where a person or persons hold several claims that are adjacent, work can be done on one claim and be credited on the other claims; also, that work can be done outside of the limits of the claim, and have it credited on such claim where such work is beneficial to the claim, and that this is true even if there are several claims for which credit is asked for said outside work, provided said several claims are held in common; also, that, where there are several claims adjacent held by different persons and work beneficial to all of said claims can best be done on one of them, then, under a proper agreement between the owners of said claims, development work can all be done on one claim, and be credited to the several claims, such work being a part of the general plan or scheme for the development of the several claims.

As we understand the case at bar, it is under this last proposition that the appellant contends that he should be allowed to in-

troduce the evidence rejected; his contention being that said evidence would have shown that the work done was beneficial to the claims in litigation. We think, however, that the rulings of the circuit court were correct for the following reasons: It does not appear that said work was any part of a general plan or scheme for the development of the mines in question in connection with the mines upon which the work was done. Furthermore, this was an attempt of one partner to enter into a scheme whereby, without any agreement therefor with his partner, he would perform work upon property of which he was the sole owner, and upon property of which he was part owner with third parties. and hold the defendant liable therefor. The claim of plaintiff cannot be upheld, unless the court would be willing, in case this was an action of plaintiff against defendant for an accounting, to allow plaintiff a money judgment for said work. And upon what theory could that be done? It would certainly throw the doors open to fraud if one member of a partnership, regardless of the wishes of his copartner, could do work upon his individual property beneficial to the same, and afterwards recover from his partner therefor on the theory that his partner was benefited, especially where, as in this case, there was no agreement or understanding in existence under which the defendant or any purchaser of his right could have held or claimed an easement in the premises upon which this work was being done, such as would follow the claims upon which such work was being done, provided said claims were sold to parties strangers to this transaction.

One illustration, it would seem, would show the weakness of plaintiff's contention. Suppose plaintiff owned a string of six claims adjacent one to the other such that work on any one of them could be credited in his behalf on all of them. Then suppose that said plaintiff had a half interest in six other claims, all of which were adjacent to the first-mentioned claims, the other half interest in said claims being held separately by six individuals, and all the claims, both those owned in common with the other persons and those owned by plaintiff, should be so situated that the work done by plaintiff on one of his claims could be held to be beneficial to the six claims in which he held half interest. Would any one claim

that, if these owners of the other half interest in these claims each of them did the full amount of work necessary to hold their claim, that the plaintiff without their consent and without any arrangement or agreement whatever could put in a claim against these several per - sons for a share of the money he had expended on his sole prop - erty upon the contention upon his part that the work he had done was done as a general plan or scheme for the development of all these claims. Such a claim as that would seem to us out of. rea- son. And let us suppose that each of the owners of a half interest in a claim had each a claim adjacent to their said partnership claim and that work on each partnership claim would benefit the claim held by such partner in severalty, and also the claims held in part- nership, then, under the contention of plaintiff herein, the plain- tiff's interest in the partnership claims would be subject to all of the work done on the six claims held in severalty by his partners. To complete the illustration, let us suppose that all of the workings on plaintiff's own claim and upon each of his partners' claims were of the same nature and would benefit the partnership claims in ex - actly the same way, and all seven of said workings were, as far as the partnership claims were concerned, of no more benefit than any one of said workings would have been. Under these facts, could each of the partners credit himself up as against the partner- ship property for a share of the work done on his individual prop - erty? We think not.

In the discussion of this case, we have considered it as if the parties hereto were copartners in said claims; it having been so alleged and admitted in the pleadings. We do not, however, want to be understood as holding that two persons who unite in estab- lishing a mining claim are more than co-tenants or co-owners with- out some special agreement making them partners.

We, therefore, think that, under the facts as they appeared at the time the rulings were made by the circuit court, the court was correct in its rulings excluding the evidence offered.

The judgment of the lower court is sustained.